UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER LEE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION, et al.,<br><br>    Defendants. | Case No. 18-cv-07481-RS (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 67 |

On November 13, 2019, the parties filed a joint discovery letter brief to address their dispute regarding Hertz's responses to some of Plaintiff's discovery requests (Dkt. No. 67.)

Plaintiffs seek to represent a class of African-American or Latino individuals who were unable to obtain employment with The Hertz Corporation and Dollar Thrifty Automotive Corporation ("Defendants") because Defendants "as[k] applicants for information about their past interactions with law enforcement and the criminal justice system and us[e] that information to make hiring decisions, despite the fact that the information is not job-related." (Dkt. No. 1.) Plaintiffs allege that "[t]his practice imports the gross racial disparities from the criminal justice system into the employment context by using discriminatory outcomes from the criminal justice system as bases for making hiring decisions, despite the fact that those discriminatory outcomes are not relevant to the hiring decisions being made." (*Id*.) Plaintiffs allege disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. (*Id*.) Plaintiffs propose to represent a class of all "African American and Latino applicants for employment in a nonexempt position at a U.S.-based retail Hertz location . . . .who, from November 9, 2013, through the resolution of this action, were denied employment in a Hertz Stores Job based on based in whole or in part on Hertz's policy and practice of denying employment to individuals with criminal histories." (*Id*.)

Plaintiffs seek documents regarding Defendant's "complete policies and practices for evaluating applicants' criminal history information" and "any other type of document reflecting Hertz's" policies on the same subject, and any drafts of those documents for a period of time four years before the class period begins and including the class period. (Dkt. No. 67-1.) In addition, Plaintiffs seek responses to Interrogatories Three and Four identifying Hertz's policies that apply to the evaluation of applicants, the date and nature of the changes, the people who proposed or approved those changes and, for each such person, "name, job title, description and department/division, formal employer, work performed, location of employment, and contact information." (Dkt. No. 67-2.)

Defendant opposes the requests for production of documents and interrogatories on the grounds that the requests and interrogatories are targeted to a time period before the class and period of potential liability allowed by the statute of limitations, that they are not relevant to the theory of disparate impact or defense of business necessity, and that they are burdensome and harassing.

The disputed issues regarding the time period of the documents and responses and the subject matter are interrelated. Plaintiffs argue that the reason they seek documents created before the class period is that it is undisputed that Defendant's policy regarding background checks was put in place before the class period began. Plaintiffs seek to understand why Defendant put in place the policy or policies at issue during the class period. Interrogatories Three and Four are somewhat targeted to seeking this information regarding the date of the creation of Defendant's policy or policies in place during the class period and the reason for changes, if any. Thus, the Court ORDERS that Defendant provide responses to the date and nature of the changes to Defendant's policy regarding background checks but only with respect to the policy or policies in place during the class period. Thus, for example, if Defendant's policy regarding background checks as of November 9, 2013 was created on January 1, 2013, Defendant's responses to Interrogatories Three and Four will be limited to a time period of January 1, 2013 to the present. If Defendant's policy regarding background checks as of November 9, 2013 was created on January 1, 2010, Defendant's responses to Interrogatories Three and Four will be limited to a time

1  period of January 1, 2010 to the present.

2  Production of documents should be related to the creation of the policy or policies in effect during the class period. The Court also ORDERS that Defendant's production of documents in response to Document Requests Nos. 5, 6, 7 and 8 is limited to the time period one year preceding the date that the policy in effect on November 9, 2013 was created. Thus, for example, if Defendant's policy regarding background checks as of November 9, 2013 was created on January 1, 2013, Defendant is required to produce documents from January 1, 2012 to the present. If Defendant's policy regarding background checks as of November 9, 2013 was created on January 1, 2010, Defendant is required to produce documents from January 1, 2009 to the present.

Defendant argues that drafts of documents will inevitably capture attorney-client privileged documents and documents protected by the attorney work product doctrine. However, that is not a valid basis to deny Plaintiffs the opportunity to request drafts. That a request might encompass some privileged materials does not justify preventing the request. Defendant shall produce all non-privileged drafts, and if there are some documents which Defendant contends are privileged, it must create a privilege log.

Defendant's responses to Interrogatories Three and Four must be completed by December 20, 2019, and Defendant's production of documents responsive to Document Requests Nos. 5, 6, 7 and 8 must be completed by January 31, 2019.

**IT IS SO ORDERED**.

Dated: November 19, 2019

_Sallie Kim_
_____
SALLIE KIM
United States Magistrate Judge

3